IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:20-cv-406-RJC-DSC

| | | |
|---|---|---|
| DUSTIN PARRISH, | ) ) ) | |
| Plaintiff | ) ) | PROTECTIVE ORDER |
| v. | ) ) | |
| SHERIFF EDDIE CATHEY et al., | ) ) | |
| Defendants | ) ) | |

This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. §153A-98, confidential health information, confidential security and jail operations information protected under N.C. Gen. Stat. § 132-1.7, confidential information regarding criminal investigations pursuant to N.C. Gen. Stat. §132-1.4, and law enforcement recordings protected from disclosure under N.C. Gen. Stat. § 132-1.4A.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein includes, but is not limited to:

    a. All information and documents that are not public record and are made confidential by N.C. Gen. Stat. §153A-98;

    b. Any documents or information which are contained in a personnel file maintained by any party;

    c. All information and documents that are made confidential by N.C. Gen. Stat. §132-1.4;

d. Internal investigations or other investigations conducted by the Union County Sheriff's Office or other investigatory agency, emergency communications records, 911 communications, officer radio traffic communications, photographs, audio recordings, and/or video recordings;

e. Law enforcement recordings as defined in N.C. Gen. Stat. § 132-1.4A; and

f. Protected health information as defined and protected in the Health Insurance Portability and Accountability Act of 1996 in Title 42 of the United States Code.

2. The documents and information produced by the parties that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents, including copies of summaries thereof, shall be disclosed only for official use in this action, and for no other purpose whatsoever.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

(A) The Court;

(B) Counsel for the parties to this action, their legal assistants and other staff members and employees;

(C) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(D) Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

(E) Outside companies engaged by counsel for the parties to photocopy such documents.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3(A), (B), (D) and (E) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. With respect to disclosures to any person set forth in subparagraph 3(C) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the Court, or are quoted or referenced in any memorandum, pleading or other paper filed with the Court, the deposition transcript, filing or paper shall be submitted to the Court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

8. The designation of information as CONFIDENTIAL INFORMATION by the designating party shall not be deemed an admission by the receiving party that such information is entitled to that designation. Any challenge to designating party's confidentiality designation shall be made as promptly as the circumstances permit, but no later than thirty days after the receipt of the designated CONFIDENTIAL INFORMATION by the receiving party.

   (a) A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

   (b) If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may file and serve an appropriate Motion to the Court that identifies the challenged CONFIDENTIAL INFORMATION and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The designating party

shall have the right to file and serve an appropriate response to the Court. Until the Court rules on the challenge, the material in question shall continue to be treated as confidential under the terms of this Order.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case.

10. The inadvertent, unintentional or in camera disclosure of CONFIDENTIAL INFORMATION shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within thirty days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all CONFIDENTIAL INFORMATION produced pursuant to this Order (including all copies of the same) to the party producing said information or shall destroy the same with a written certification by the party's counsel of record that all such information and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such information in their case files, which shall continue to be subject to the terms of this Order.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

13. Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel

submits proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

14. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

15. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to CONFIDENTIAL INFORMATION as such party may consider appropriate.

**SO ORDERED**.

Signed: September 22, 2020

David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2020, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court, Western District of North Carolina, with regard to this Protective Order and understands (1) that violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)


_____
(Signature)

Subscribed and sworn before me,
this _____ day of _____ 2016.



_____
NOTARY PUBLIC

My commission expires: _____